David A. Ward
  New Jersey Bar No. 042381996
  dward@klugerhealey.com
**KLUGER HEALEY, LLC**
521 Newman Springs Road, Suite 23
Lincroft, NJ 07738
Telephone: (973) 307-0800
Facsimile: (888) 635-1653

René A. Vazquez
  Virginia Bar No. 41988
  Pro Hac Vice anticipated
  rvazquez@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**ATTORNEYS FOR PLAINTIFF**
**SECURITY DEFENSE SYSTEMS, LLC**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITY DEFENSE SYSTEMS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**PSKW, LLC, D/B/A CONNECTIVERX,**<br><br>Defendant. | **Case No.** 23cv2229<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiff Security Defense Systems, LLC ("Plaintiff" and/or "SDS") files this Complaint against PSKW, LLC d/b/a ConnectiveRx ("Defendant" and/or "ConnectiveRx") for infringement of United States Patent No. 8,155,887 (hereinafter "the '887 Patent").

## PARTIES

1.      Plaintiff is a Wyoming limited liability company having an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2.      On information and belief, Defendant is a Delaware corporation with a place of business at The Crossings at Jefferson Park, 200 Jefferson Park, Whippany, NJ 07981. On information and belief, Defendant may be served at PSKW, LLC, The Crossings at Jefferson Park, 200 Jefferson Park, Whippany, NJ 07981.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Plaintiff is seeking damages, as well as attorney fees and costs.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.      Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7.      Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District.  Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## PATENT-IN-SUIT

8.      Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent No. 8,155,887 (hereinafter "'887 Patent"). The '887 Patent is attached as Exhibit A.

9.      The '887 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

10.     Plaintiff possesses all rights of recovery under the '887 Patent, including the exclusive right to recover for past, present and future infringement.

11.     The inventor of the '887 Patent, Mr. Leigh M. Rothschild, was Chairman and Chief Executive Officer of IntraCorp Entertainment, Inc., a consumer software company with worldwide product distribution. From October 1998 through February 2004, Mr. Rothschild was also Chairman and founder of BarPoint.com, a NASDAQ publicly traded wireless company that was the leader and early creator of connecting symbology, such as barcodes, to the Internet.

12.     Mr. Rothschild is a former presidential appointee to the High-Resolution Board for the United States under former President George H.W. Bush, and has also served as an advisor for former President Ronald Reagan. Mr. Rothschild served Governors on technology boards, served as a special advisor to then Florida Secretary of Commerce John Ellis "Jeb" Bush, and served on the IT Florida Technology Board as an appointee of former Governor John Ellis "Jeb" Bush.

13.     Mr. Rothschild chairs the Rothschild Family Foundation, which endows outstanding charities and institutions around the world.

14.     The priority date of the '887 Patent is at least as early August 14, 2008. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15.     Plaintiff alleges infringement on the part of Defendant of the '887 Patent.

16.     The '887 Patent relates generally to a method, system and computer program product for computer visualization of drugs for drug interaction information retrieval. The method can include acquiring imagery of multiple different substances and detecting identifying content in each acquired image to determine an identity of each substance corresponding to each acquired image. The method can also include retrieving drug interaction data for each substance using the determined identity, correlating the drug interaction data for at least one of the substances with at least one other of the substances, and displaying the correlated drug interaction data. *See* Abstract, '887 Patent.

17.     As noted, the claims of the '887 Patent have priority to at least August 14, 2008. The deficiencies in the state of the art as of the Date of Invention were highly problematic. The widespread availability of drugs, both prescription and over-the-counter, has resulted in a substantial population of patients consuming multiple different types of drugs at any given time. It is desirable to avoid drug interactions due to the possibility of a poor or unexpected outcome resulting from the interaction of a drug with another substance. Consequently, known drug interactions often are listed in the literature distributed with a drug. Providing an exhaustive list of drug interactions in literature, however, can be difficult when a substantial number of drug interactions are known to exist. As such, voluminous books have been created as an aggregation of known drug interactions. While the most diligent review of a book of known drug interactions will reveal the requisite information necessary to avoid an undesirable outcome from a drug interaction of a prescribed selection of drugs, in practice it is not reasonable to presume that a dispensary of drugs will consult the requisite literature when dispensing a drug. *See* '887 Patent at 1:22-49.

18.     The claims of the '887 Patent overcome deficiencies existing in the art as of the

date of invention, and comprise non-conventional approaches that transform the inventions as claimed into substantially more than mere abstract ideas.

19.     The claims of the '887 Patent are not drawn to laws of nature, natural phenomena, or abstract ideas.   The specific combinations of elements, as recited in the claims, was not conventional or routine at the time of the invention.

20.     Further, the claims of the '887 Patent contain inventive concepts which transform the underlying non-abstract aspects of the claims into patent-eligible subject matter.

21.     The '887 Patent was examined by Primary United States Patent Examiner Mary Zeman.  During the examination of the '887 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 702/19; 702/20; 703/11; and 707/700.

22.     After conducting a search for prior art during the examination of the '887 Patent, the United States Patent Examiner identified and cited the following as the most relevant prior art references found during the search: US 7,154,102; and 7,469,213.

23.     After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '887 Patent to issue.  In so doing, it is presumed that Examiner Zeman used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014).  It is further presumed that Examiner Zeman had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill.  *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002).  In view of the foregoing, the claims of the '887 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art.  Likewise, the claims of the '887 Patent are novel and non-obvious, including over all

non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Zeman.

24.     The claims of the '887 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

25.     The nominal expiration date for the claims of the '887 Patent is no earlier than November 1, 2030.

## ACCUSED INSTRUMENTALITIES

26.     Upon information and belief, Defendant sells, advertises, offers for sale, uses, or otherwise provides at least an application (i.e., the MobilePDR application) and a website (PDR.net) for identifying and providing information about drugs (collectively the "Accused Instrumentalities").

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,887)

27.     Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 26, the same as if set forth herein.

28.     This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq.*

29.     Defendant has knowledge of its infringement of the '887 Patent, at least as of the service of the present complaint.

30.     The '887 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

31.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '887 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) the Accused Instrumentalities that identify and provide information about drugs, and which infringe at least Claim 1 of the '887 Patent. Defendant has infringed and continues to infringe the '887 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

32.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the exemplary '887 Patent Claims, by having its employees internally test and use these exemplary Accused Instrumentalities.

33.     The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

34.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '887 Patent. On information and belief, Defendant has also continued to sell the exemplary Accused Instrumentalities and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '887 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

35.     At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '887 Patent, literally or by the doctrine of equivalents, by selling exemplary Accused Instrumentalities to their customers for use in end-user products in a manner that infringes one or more claims of the '887 Patent.

36.     Exhibit B includes at least one chart comparing the exemplary '887 Patent Claims to the exemplary Accused Instrumentalities. As set forth in this chart, the exemplary Accused Instrumentalities practice the technology claimed by the '887 Patent. Accordingly, the exemplary Accused Instrumentalities incorporated in this chart satisfy all elements of the exemplary '887 Patent Claims.

37.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

38.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

39.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

40.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

41.     Plaintiff is in compliance with 35 U.S.C. § 287.

## DEMAND FOR JURY TRIAL

42.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,155,887 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

`       Pursuant to Local Civil Rule 11.2, Plaintiff states that, to its knowledge, the matter in controversy in this action is not the subject of any other action in any court, or any pending arbitration or administrative proceeding.

Dated:  April 20, 2023

Respectfully Submitted,

*/s/ David A. Ward*
David A. Ward
  New Jersey Bar No. 042381996
  dward@klugerhealey.com
**KLUGER HEALEY, LLC**
521 Newman Springs Road, Suite 23
Lincroft, NJ  07738
Telephone:  (973) 307-0800
Facsimile: (888) 635-1653

René A. Vazquez
  Virginia Bar No. 41988
  *Pro Hac Vice* anticipated
  rvazquez@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (903) 405-3999

**COUNSEL FOR PLAINTIFF**